**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JAMES FISCHER,**

    **Plaintiff,**

v.                                                                                            Case No.  8:08-cv-865-T-30TBM

**TAYLOR MORRISON SERVICES,
INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the parties' Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal with Prejudice (Dkt. 14) and the affidavits of Plaintiff's counsel filed in support thereof (Dkts. 16 and 18).  The Court, having reviewed the motion, memorandum, and affidavits, and being otherwise fully advised in the premises, determines that the motion should be granted in part and denied in part.

The determination of a reasonable fee pursuant to section 216(b) of the Fair Labor Standards Act (FLSA) is left to the sound discretion of the court and will not be set aside absent a clear abuse of discretion.  <u>Kreager v. Solomon & Flanagan, P.A.</u>, 775 F.2d 1541, 1543 (11th Cir. 1985).  In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee.  <u>City of Burlington</u>

v. Dague, 505 U.S. 557, 562 (1992).[1] The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. See Vanslambrouck v. Palmas, Incorporated, 2006 WL 288237, *2 (M.D. Fla. Jan. 31, 2006). It is also necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs. See id. This includes, comparing the amount of attorneys' fees and costs sought in relation to the amount of damages actually recovered. See e.g., Reyes v. Falling Star Enterprises, Inc., 2006 WL 2927553, *9 (M.D. Fla. Oct. 12, 2006); Odil v. Evans, 2005 WL 3591962, *4 (M.D. Ga. Dec. 30, 2005); Vanslambrouck, 2006 WL 288237, *3.

Pursuant to the settlement agreement referenced in the Joint Motion, Defendant has agreed to pay the plaintiff a total of $3,700.00 in damages and an additional $4,500.00 in attorneys' fees and costs. As the Joint Motion did not provide adequate documentation for these fees, the Court ordered counsel to provide affidavits and time records in support of the requested fees. Plaintiff's attorney, Andrew Frisch, has submitted affidavits and time records in response to the Court's Orders. The billing records indicate that Frisch billed 12.5 hours on this matter at a rate of $300.00 per hour for a total of $3,700.00, and has billed $805.00

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

in costs. Frisch stated in his affidavit that his hourly rate is based on the fact that he has been practicing law since 2001, has successfully handled hundreds of FLSA cases, and prior to working at his current law firm Morgan & Morgan, managed the Wage and Hour Department at Rosenthal & Levy, P.A. in West Palm Beach for over a year. Frisch also states that he has published multiple articles on Wage and Hour subjects in different periodicals and has lectured on Wage and Hour and Employment-related issues on multiple occasions within the last two years.

The Court concludes that the hourly rate of $300.00 per hour charged by Frisch is unreasonably high for this type of litigation and his length of practice. Considering the customary market rate in the community for this type of litigation, the Court concludes that an hourly rate of $250.00 per hour is reasonable. Furthermore, the Court concludes that all of the costs sought by Frisch are reasonable. Accordingly, the Court reduces the amount payable to Frisch for fees and costs to $3,930.00 (12.5 hours x $250 per hour, plus $805 in costs).

The Court finds that the remaining terms of the proposed settlement are otherwise a fair and reasonable resolution of a bona fide dispute.

It is therefore ORDERED AND ADJUDGED that:

1. The parties' Joint Motion for Approval of Settlement and Memorandum of Law in Support (Dkt. 14) is **GRANTED in part and DENIED in part** as set forth herein.

2. The parties' settlement is **APPROVED** subject to the reduction in attorneys' fees and costs set forth herein.

3. This action is **DISMISSED with prejudice**.

4. The Court will retain jurisdiction for sixty (60) days to enforce the parties' settlement agreement, should such enforcement be necessary.

5. All pending motions are denied as moot. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-865.atty fees and settlement.frm